IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BRETT STANSBERRY, | : | Judge Jeffery P. Hopkins |
| *Plaintiff*, | : | |
| vs. | : | |
| (1) CURRITOS, | : | (1) 1:23-cv-00038-JPH-SKB |
| (2) VILLAGE OF ST. BERNARD, | : | (2) 1:23-cv-00100-JPH-KLL |
| (3) CITY OF CINCINNATI, | : | (3) 1:23-cv-00266-JPH-KLL |
| (4) FAMILY DOLLAR, | : | (4) 1:23-cv-00267-JPH-KLL |
| (5) XAVIER UNIVERISTY, *et al.*, | : | (5) 1:23-cv-00268-JPH-KLL |
| *Defendants*. | : | |

## ORDER ADOPTING REPORT AND RECOMMENDATIONS

Before the Court are the Report and Recommendations ("R&Rs") issued by Magistrate Judges Karen L. Litkovitz and Stephanie K. Bowman in five cases brought by Plaintiff Brett Stansberry, all without the assistance of counsel. The Magistrate Judges have recommended that this Court dismiss all five of these cases for want of prosecution pursuant to Fed. R. Civ. P. 41(b). This recommendation derives from Plaintiff's failure to comply with this Court's orders directing him to either (1) file new IFP motions for each case or (2) pay the required filing fee of $402.00 per case. Plaintiff has filed objections to each of the R&Rs.

For the reasons stated below, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** all five of the R&Rs in their entirety. The Court thus **DISMISSES** all of these cases with prejudice and **CERTIFIES** that any appeals would be frivolous.

The following chart is a listing of the relevant documents in each case, including this Court's orders, Plaintiff's responses, the pending R&Rs, and Plaintiff's objections:

| Case/Defendant | Order | Response | R&R | Objection |
|---|---|---|---|---|
| 1:23-cv-00038-JPH-SKB<br>*Curritos* | Doc. 21 | Doc. 22 | Doc. 25 | Doc. 27 |
| 1:23-cv-00100-JPH-KLL<br>*Village of St. Bernard* | Doc. 17 | Doc. 18 | Doc. 20 | Doc. 22 |
| 1:23-cv-00266-JPH-KLL<br>*City of Cincinnati* | Doc. 12 | Doc. 13 | Doc. 18 | Doc. 19 |
| 1:23-cv-00267-JPH-KLL<br>*Family Dollar* | Doc. 11 | Doc. 12 | Doc. 16 | Doc. 17 |
| 1:23-cv-00268-JPH-KLL<br>*Xavier University et al* | Doc. 10 | Doc. 11 | Doc. 15 | Doc. 16 |

## I.  LAW AND ANALYSIS

A district judge must review *de novo* any objections to a magistrate judge's report and recommendation. Fed. R. Civ. P. 72(b)(3). Review applies only to "any portion to which a proper objection was made." *Richards v. Colvin*, No. 2:12-cv-748, 2013 WL 5487045, at *1 (S.D. Ohio Sept. 30, 2013). If presented with a proper objection, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). General or unspecific objections are treated the same as a failure to object. *Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."); *see Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Having carefully reviewed the comprehensive findings and conclusions of the Magistrate Judges and considered *de novo* all filings in these cases, while paying particular attention to the issues which Plaintiff lodged objections to, the Court determines that the R&Rs should be adopted.

The majority of Plaintiff's contentions are not viewed as formal objections to the R&Rs because they relate solely to Plaintiff's unsubstantiated conspiracy allegations and his various interactions with courthouse personnel during the pendency of these and his other cases. Those contentions are not relevant to the R&Rs now under consideration, and thus will not be addressed by the Court here. The only formal objections that this Court can reasonably discern from Plaintiff's filings are his contentions that the Magistrate Judges should have construed his responses as renewed motions to proceed *in forma pauperis*.

A court may permit a person to proceed without the payment of the filing fee where that person submits an "affidavit that includes a statement of all assets such [person] possesses," which shows the person's inability to pay. 28 U.S.C. § 1915(a)(1). The Court agrees with the Magistrate Judges' conclusions that Plaintiff has failed to file renewed IFP motions in these cases. Moreover, even if this Court were to view Plaintiff's responses as IFP motions, Plaintiff—as he has done previously—again failed to provide sufficient information for the Court to meaningfully assess whether he has an inability to pay the filing fee in each case. For example, while he alleges household expenses and "hundreds to thousands of dollars" in monthly expenses related to "court costs, false arrests, civil court costs, grievances and DOJ," Plaintiff reports a weekly income of approximately $322.00, and bank balances of $2,442.00 and $2,542.00. Without renewed IFP motions that *clearly* set forth his income, assets, expenses, and liabilities, this Court, like before, cannot reasonably discern Plaintiff's ability to pay—especially given that he has tendered filing fees in two other cases in this Court. *See* 1:22-cv-00667-JPH-KLL, 1:23-cv-00006-JPH-SKB. Plaintiff's failure to comply with this Court's orders warrants its exercise of the Court's inherent power to dismiss these cases

pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962).

## II. CONCLUSION

Accordingly, it is hereby **ORDERED** that Plaintiff's objections are **OVERRULED**, that the Report and Recommendations of the Magistrate Judges are **ADOPTED** in their entirety, and that all five cases listed in the caption should be and hereby are **DISMISSED** for lack of prosecution. Plaintiff's remaining motions are therefore **DENIED AS MOOT**. For the reasons stated in the Report and Recommendations and pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal of this Order would lack an arguable basis in law or in fact and thus would not be taken in good faith. The Court accordingly **DENIES** Plaintiff leave to appeal *in forma pauperis*. In accordance with Fed. R. App. P. 24(a)(5), Plaintiff remains free to file a motion for leave to proceed on appeal *in forma pauperis* in the Sixth Circuit Court of Appeals. *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999).

**IT IS SO ORDERED.**

Dated: May 9, 2024

Hon. Jeffery P. Hopkins
United States District Judge

4